NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0001n.06

No. 09-1332

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jan 03, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| IMAD AL-SHOUHATI, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  NORRIS, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Imad Al-Shouhati pled guilty to one count of distributing over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1).  His plea agreement provided that his relevant conduct for sentencing purposes would include 600 grams of heroin and at least 100 pounds of marijuana.  The parties disputed in the district court whether the marijuana amount should be increased.

The district court held a two-day hearing on that issue.  Al-Shouhati's cousin, Mussa Shohatee, testified that he supplied marijuana to Al-Shouhati over a "couple" of years.  Although Shohatee had earlier told the FBI that he had delivered hundreds of pounds of marijuana to Al-Shouhati over the course of the conspiracy, Shohatee testified at the hearing that he had delivered only 100 pounds to his cousin.

FBI Special Agent Jeffrey Jacobs contradicted Shohatee on that point. Jacobs testified that he had interviewed Shohatee on several occasions prior to Al-Shouhati's arrest, and that Shohatee had said then that he sold "multiple hundred-pound quantities" of marijuana to Al-Shouhati. Jacobs (a certified public accountant) also analyzed Al-Shouhati's finances and testified that Al-Shouhati had possessed approximately $2.6 million dollars that could not be traced to any legitimate source.

After considering all the evidence, the district court found Jacobs' testimony to be "very credible" regarding the quantity of marijuana that Shohatee had delivered to Al-Shouhati. The court found Shohatee's testimony on this issue "not to be credible," given his evasive demeanor and body language while testifying "in front of the family[.]" The district court therefore rejected Shohatee's claim that he had delivered only 100 pounds of marijuana to his cousin. To "err on the side of caution," however, the district court found that "multiple-hundred pounds amounts means more than one and I'm not going to take it beyond two hundred-pound amounts with regard to Mr. Mussa Shohatee's testimony." The court also found that Al-Shouhati's $2.6 million of unexplained wealth was an "indicia of reliability" for adding the additional 100 pounds of marijuana. Finally, the court found Al-Shouhati responsible for 21 pounds of marijuana discussed in a wiretapped phone conversation, for a total of 221 pounds.

Al-Shouhati now argues that the district court erred in finding that his cousin delivered 200 pounds of marijuana to him, rather than only 100. We review that finding for clear error. *United States v. Swanberg*, 370 F.3d 622, 624-25 (6th Cir. 2004).

Al-Shouhati's basic contention is that the district court erred when it rejected Shohatee's testimony regarding drug quantity in favor of Jacobs' testimony. But normally we do not review

credibility determinations, *see United States v. Gessa*, 57 F.3d 493, 496 (6th Cir. 1995); and we see no reason to review the district court's well-reasoned determination here. Al-Shouhati also suggests that in-court testimony is always more reliable than the witness's prior statement, but the law is to the contrary. *See id.* (upholding a district court's finding that prior interview statements were more credible than in-court testimony recanting those statements).

Al-Shouhati finally argues that the district court erred in finding that his unexplained wealth was an additional indicia of reliability for the increased marijuana amount. To some extent this argument is beside the point, since the district court's credibility determination already provides adequate support for that amount, and the court did not convert any part of the $2.6 million itself into an additional drug quantity. The argument is also meritless on its own terms. Al-Shouhati's unexplained wealth far exceeded his reported income ($40,000 in 2005 and $85,000 in 2006) and was not otherwise linked to a legitimate source. That wealth therefore supported the district court's finding regarding the marijuana amount. *See United States v. Carter*, 969 F.2d 197, 201 (6th Cir. 1992).

Thus, in summary, the district court in this case did exactly what it was supposed to do: make a conservative finding of drug quantity based upon its own reasoned evaluation of the evidence brought forth in an evidentiary hearing. The court's judgment is affirmed.